UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 11-362 (BAH) |
| HUGH M. DENNIS, <br> Defendant | Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

After pleading guilty to two counts of a federal indictment, defendant Hugh Dennis was sentenced to 152 months' imprisonment, which sentence he is currently serving in Butner, North Carolina.  Pending before the Court is Dennis's *pro se* letter, dated July 20, 2020, which was incorrectly docketed by the Court as a motion for sentence reduction pursuant to the First Step Act of 2018.  Since defendant contests the Bureau of Prisons' ("BOP") determination of his release date, his request for recalculation of his release date is, in fact, properly construed as a habeas petition under 28 U.S.C. § 2241.  As such, this Court lacks jurisdiction over the petition because defendant is not presently incarcerated within this district.  Consequently, Dennis's petition for a writ of habeas corpus is transferred to the United States District Court for the Eastern District of North Carolina ("E.D.N.C."), which has jurisdiction over his petition.

I.     **BACKGROUND**

In June 2012, Dennis pled guilty to one count of Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).  Plea Agreement as to Hugh Dennis at 1, ECF No. 30.  In October 2012, he was sentenced to 152 months' imprisonment.  J. at 3, ECF No. 41.  His sentence was subsequently reduced to 137 months in response to Dennis's

unopposed motion for a reduction in sentence, based on the United States Sentencing Commission's lowering of the base offense level for nearly all drug offenses, including his Unlawful Possession with Intent to Distribute conviction. *See* Def.'s Mot. Reduce Sentence at 1–2, ECF No. 43; Order (Sept. 28, 2012), ECF No. 45.

In July 2020, Dennis filed his pending *pro se* petition, ECF No. 47 ("Def.'s Pet."). He claims that although his sentence was reduced by 15 months in 2012, in fact his release date has been moved forward by only 13 months. *See id.* at 1. He also claims that he has not received all the good-time credit to which he is entitled under the First Step Act of 2018. *See id.* Consequently, Dennis seeks to have his release date moved forward to January or February 2021 in order to rectify these errors in the calculation of his release date. *See id.* In response, the government correctly urges that Dennis's letter be construed as a habeas petition and transferred to the district court with jurisdiction over his petition. *See* Gov't's Resp. Order to Show Cause at 1, ECF No. 49.

## II. ANALYSIS

BOP is responsible for administering a federal inmate's sentence, including calculating its length and determining the date on which he will be released from confinement. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed . . . ."); *see also United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). "A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper vehicle for challenges to the execution of a defendant's sentence, the administration of his sentence, or the length of his confinement." *United States v. Queen*, No. 18-cr-58 (EGS), 2020 WL 2748495, at *5 (D.D.C. May 27, 2020); *see also Wilkinson v. Dotson*,

544 U.S. 74, 79 (2005) ("[T]he writ[ of habeas corpus]'s history makes clear that it traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" (third alteration in original) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973))).

The gravamen of Dennis's letter is that BOP has miscalculated the length of his confinement. Indeed, he describes his motion as addressed to "what [he] believe[]s is a . . . [mis]calculation of [his] time." Def.'s Pet. at 1. By his own calculation, he believes he should be released in January or February 2021, *see id*, whereas BOP has determined that his projected release date is April 25, 2021, *see id.*, Ex. 3, Individualized Reentry Plan ("Reentry Plan") at 1, ECF. No. 47. This letter challenges the duration of his sentence and, as such, is properly construed as a habeas petition pursuant to 28 U.S.C. § 2241.

"A federal court can only issue a writ of habeas corpus if (1) the petitioner is physically confined within the court's territorial jurisdiction, and (2) the court has personal jurisdiction over the petitioner's immediate custodian." *Jeong San Han v. Lynch*, 223 F.Supp.3d 95, 109 (D.D.C. 2016). Thus, "in habeas cases involving 'present physical confinement, jurisdiction lies in only one district: the district of confinement.'" *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Dennis is incarcerated in Butner, North Carolina, *see* Reentry Plan at 1, located in the geographic jurisdiction of the E.D.N.C. This Court therefore lacks jurisdiction over his habeas petition; instead, jurisdiction lies in the E.D.N.C. The government asks that the pending petition be transferred to the E.D.N.C. pursuant to 28 U.S.C. § 1631. That statute dictates that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. §

1631.  Here, a *pro se* petitioner has filed a motion in the wrong court.  He should be afforded the opportunity to have the motion considered in the proper court.  Transfer, as the government concedes, is therefore appropriate.

### III.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Motion for Sentence Reduction Under First Step Act of 2018, ECF No. 47, which is in fact a petition for a writ of habeas corpus, is **TRANSFERRED**, pursuant to 28 U.S.C. § 1631, to the U.S. District Court for the Eastern District of North Carolina.

**SO ORDERED.**

Date: August 31, 2020

_____
BERYL A. HOWELL
Chief Judge